

MFD: USAO 2015R00219

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. CCB-18-0399 |
| v. | * |
| | * (Bank Fraud Conspiracy, 18 U.S.C. |
| JASON MARQUIS SMITH, | * § 1349; Bank Fraud, 18 U.S.C. § 1344; |
| DARIEN COOK, | * False Statement in Loan Application, 18 |
| DONTE RAYMONT POWELL, | * U.S.C. § 1014; Structuring, 31 U.S.C. § |
| SYLVESTER ARNEZ REDD, | * 5324; Aiding and Abetting, 18 U.S.C. § 2; |
| GREGORY DARNELL TROGDON, | * Forfeiture Allegations 18 U.S.C. § |
| and | * 981(a)(1)(C), 18 U.S.C. § 982(a)(2), 28 |
| STEPHEN WADDY-BEY, | * U.S.C. § 2461(c), 31 U.S.C. § 5317(c)(1)) |
| Defendants. | * |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Bank Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

At all times material to the Superseding Indictment:

1. Defendants **DARIEN COOK ("COOK"), DONTE POWELL ("POWELL"), SYLVESTER REDD ("REDD"), JASON SMITH ("SMITH"),** and **GREGORY TROGDON ("TROGDON"),** were residents of Maryland. **STEPHEN WADDY-BEY ("WADDY-BEY")** was a resident of Virginia.

2. S.F., now deceased, J.M., and R.D. are co-conspirators.

### The Fraudulent Businesses and Roles of Conspirators

3. FPS Auto, registered in Maryland, was owned and operated by S.F.

1

4. Po-Well Auto, registered in Maryland, was established by **POWELL** in approximately August of 2013.

5. Sparks Auto, registered in Alabama, was established by **COOK** at the behest of S.F. **COOK** also maintained a bank account at M&T Bank through which he disbursed the proceeds of Sparks Auto transactions on behalf of S.F.

6. Despite the names of the businesses, FPS Auto, Po-Well Auto and Sparks Auto (collectively "the Businesses"), sold no cars to the public, and had no car lots.

7. **SMITH** and R.D. operated "credit repair" businesses and would forward clients to S.F. for fraudulent auto loans.

8. **REDD, TROGDON, WADDY-BEY,** and J.M. were borrowers who participated in fraudulent auto loan transactions.

## The Victim Financial Institutions

9. Navy Federal Credit Union (NFCU) is a financial institution, headquartered in Merrifield, Virginia, the deposits of which are insured by the National Credit Union Share Insurance Fund.

10. Destinations Credit Union (DCU) is a financial institution, headquartered in Parkville, Maryland, the deposits of which are insured by the National Credit Union Share Insurance fund.

11. USAA Federal Savings Bank ("USAA") is a financial institution headquartered in San Antonio, Texas, the deposits of which are insured by the Federal Deposit Insurance Corporation.

12. M&T Bank is a financial institution, headquartered in Buffalo, New York, the deposits of which are insured by the Federal Deposit Insurance Corporation.

## The Conspiracy

13. From in or around June 2013, through in or around November 2014, in the District of Maryland and elsewhere, the defendants **DARIEN COOK, DONTE POWELL, SYLVESTER REDD, JASON SMITH, GREGORY TROGDON, STEPHEN WADDY-BEY,** S.F., J.M., and R.D., and others known and unknown to the Grand Jury, conspired and agreed together to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, through materially false and fraudulent pretenses, representations and promises, as set forth more specifically below.

### Manner and Means of the Conspiracy and the Scheme and Artifice to Defraud

14. It was a part of the conspiracy and the scheme and artifice to defraud that the Businesses and their owners offered "credit improvement" services to the public.

15. It was further a part of the conspiracy and the scheme and artifice to defraud that the Businesses would typically recruit from among their credit improvement clientele borrowers to submit fraudulent auto loan applications in which the Businesses posed as bona fide car dealerships to prospective lenders.

16. It was further a part of the conspiracy and the scheme and artifice to defraud that **SMITH** solicited prospective borrowers.

17. It was further a part of the conspiracy and the scheme and artifice to defraud that the Businesses created false auto purchase invoices in the respective Businesses' names evincing automobile transactions that never actually took place, along with other fraudulent documents, including forged paystubs and bank statements that typically overstated a borrower's income and

assets so that the borrowers would qualify for the loans. These documents were submitted to financial institutions as part of applications for auto loans.

18. It was further a part of the conspiracy and the scheme and artifice to defraud that **SMITH** would drive borrowers to the bank to pick up the checks.

19. It was a part of the conspiracy and the scheme and artifice to defraud that **COOK, SMITH**, and R.D. processed fraudulent loans on behalf of S.F.

20. It was further a part of the conspiracy and the scheme and artifice to defraud that fraudulent loan proceeds were deposited into accounts controlled by **POWELL, COOK,** and S.F.

21. It was further a part of the conspiracy and the scheme and artifice to defraud that **POWELL, COOK**, and S.F. allocated and disbursed fraudulent loan proceeds.

22. It was further a part of the conspiracy and the scheme and artifice to defraud that that borrowers were aware that no transaction involving an actual automobile would occur.

23. It was further part of the conspiracy and the scheme and artifice to defraud that borrowers received a large portion of the fraudulent loan proceeds, and the balance was kept by S.F., **SMITH, COOK, POWELL,** and co-conspirators known and unknown to the Grand Jury.

24. It was further part of the conspiracy and the scheme and artifice to defraud that the borrowers often made minimal or no payments on their loans.

25. It was further part of the conspiracy and the scheme and artifice to defraud that **COOK, POWELL, REDD, SMITH, TROGDON, WADDY-BEY**, R.D., J.M., S.F., and others known and unknown to the Grand Jury, fraudulently obtained funds of Navy Federal Credit Union, USAA Federal Savings Bank, Destinations Credit Union, M&T Bank, and other financial institutions known and unknown to the Grand Jury in excess of $1 million through at least 35 transactions.

## Acts in Furtherance of the Conspiracy

26. In furtherance of the conspiracy and to achieve its object, the Defendants committed and caused to be committed, in the District of Maryland, and elsewhere, at least one of the following overt acts, among others:

### Trogdon Loan

a. On or before February 11, 2014, **TROGDON** applied for an automobile loan from NFCU for a 2013 Porsche Cayenne that he never actually purchased and he submitted the application with materials that grossly overstated **TROGDON**'s income and falsely represented that he had a sibling who had served in the United States Armed Forces, a condition of membership at Navy Federal Credit Union.

b. On or about February 11, 2014, **SMITH** drove **TROGDON** to NFCU to pick up the loan check in the amount of $76,542.91 payable in the name of **TROGDON** and FPS Auto, Inc.

c. On or about February 20, 2014, **TROGDON** endorsed the check from FPS Auto, Inc. and deposited it in a Wells Fargo bank account, from which he spent the proceeds.

### J.M. Loan

d. On or before August 6, 2014, J.M. caused a loan application to be submitted to M&T Bank for a 2014 Jeep Grand Cherokee, supported by a fraudulent bill of sale that J.M. signed, indicating that she purchased the Jeep for $48,738.52, when in fact, she made no such purchase.

e. On or about August 6, 2014, **SMITH** drove J.M. to an M&T Bank. On the basis of J.M.'s false representation that she purchased a 2014 Jeep Grand Cherokee, and the forged documentation submitted in support thereof, M&T Bank issued a check in the name of FPS Auto

(erroneously spelled "FSP Auto") and J.M. in the amount of $39,700. J.M. gave the check to **SMITH**, who caused it to be deposited in an account belonging to S.F.

   f.   On or about August 22, 2014, S.F. paid J.M. $17,000 of the loan proceeds and S.F. kept the balance.

Waddy-Bey Loans

   g.   Between October 2014 and November 2014, **SMITH** applied for auto loans on behalf of **WADDY-BEY** at USAA Bank, NFCU, M&T Bank, and at least five other banks, and supplied to at least one bank a fraudulent purchase order and a paystub which grossly overstated **WADDY-BEY**'s income in support of the loan application.

   h.   On October 10, 2014, on the basis of **WADDY-BEY's** false representation that he was going to purchase a vehicle, USAA Federal Savings Bank issued **WADDY-BEY** a check in the amount of $39,000 intended for a 2014 Toyota Sienna that **WADDEY-BEY** never purchased. **WADDY-BEY** mailed this check to **SMITH** who caused it to be deposited on October 15, 2016 into an account controlled by **COOK** at M&T Bank.

   i.   On October 14, 2014, on the basis of **WADDY-BEY's** false representation that he was purchasing a vehicle, NFCU issued **WADDY-BEY** a check in the amount of $48,517 for a total of $87,517 in fraudulently issued funds. The loan application listed the same vehicle year, make, model and VIN as did the USAA application.

   j.   On October 17, 2014, **WADDY-BEY** caused this check to be deposited into the same M&T Bank account controlled by **COOK** as the previous check.

   k.   On October 22, 2014, **WADDY-BEY** cashed a check in the amount of $60,000 issued to him by **COOK**, representing **WADDY-BEY**'s share of the loan proceeds.

l.      On October 28, 2014, **WADDY-BEY** learned that NFCU and USAA had frozen his accounts, and attempted to return the $60,000 to the NFCU and USAA. **SMITH** instructed **WADDY-BEY** to instead send a cashier's check for $48,900 to **COOK**, and $12,000 to **SMITH**, "broken down into two cashier's checks with neither check being over $10,000." **WADDY-BEY** complied and sent a cashier's check in the amount of $48,000 to **COOK** and two cashier's checks in the amount of $6,000 each to **SMITH**.

Redd Loan

m.      On or about November 6, 2014 Sylvester **REDD** applied for an auto loan from DCU in the amount of $37,697 for a 2012 Toyota Tundra he did not actually purchase. On the application, **REDD** listed **SMITH** as a reference and falsely stated he worked for CTS Services LLC of Beltsville, Maryland. In support of the application, **REDD** caused to be submitted a forged inspection certificate, forged paystubs, and a forged buyer's invoice for the Toyota.

n.      On the basis of the false information submitted in the application, DCU issued a check in the amount of $35,163 to **REDD** and Powell Auto, and the check was deposited into a bank account owned by **POWELL** in the name of Po-Well Auto at Bank of America, all on the same day **REDD** applied for the loan.

o.      On November 10, 2014, **POWELL** issued a cashier's check in the amount of $31,248 to **REDD**, (mistakenly spelled "Reed" on the check) representing **REDD's** share of the loan proceeds, which **REDD** cashed.

The Charge

27. From in or around June 2013, through in or around November 2014, in the District of Maryland, the defendants,

**DARIEN COOK,
DONTE POWELL,
SYLVESTER REDD,
JASON SMITH,
GREGORY TROGDON,** and
**STEPHEN WADDY-BEY**

and others known and unknown to the Grand Jury, conspired and agreed together to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code Section 1344. 18 U.S.C. §1349

## COUNT TWO
(Bank Fraud – Trogdon Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. Beginning on or about February 10, 2014, and continuing through on or about February, 20 2014, in the District of Maryland, and elsewhere, the defendants,

**GREGORY TROGDON, and
JASON SMITH,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud financial institutions, and to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises; to wit, by obtaining funds from Navy Federal Credit Union issued for the purchase of an automobile, when in fact no automobile was purchased.

18 U.S.C. § 1344
18 U.S.C. § 2

9

## COUNT THREE
(False Statement in Loan Application – Trogdon Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. On or about February 10, 2014, in the District of Maryland, and elsewhere, the defendants,

**GREGORY TROGDON, and
JASON SMITH,**

knowingly made and caused to be made a false statement for the purpose of influencing the action of Navy Federal Credit Union, an institution the accounts of which are insured by the National Credit Union Administration Board, in connection with an application for an automobile loan, in that the defendants represented and caused to be represented that **GREGORY TROGDON** was applying for a loan to finance an automobile purchase, when in truth and in fact, as the defendants well knew, the loan proceeds would not be used to pay for an automobile.

18 U.S.C. § 1014
18 U.S.C. § 2

10

## COUNT FOUR
(Bank Fraud – J.M. Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. Beginning on or about July 24, 2014, and continuing through on or about August, 18, 2014, in the District of Maryland, and elsewhere, the defendant,

**JASON SMITH,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud financial institutions, and to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises; to wit, by obtaining funds from M&T Bank, issued for the purchase of an automobile, when in fact no automobile was purchased.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT FIVE
(False Statement in Loan Application – J.M. Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. On or about August 6, 2014, in the District of Maryland, and elsewhere, the defendant,

**JASON SMITH,**

knowingly made and caused to be made a false statement for the purpose of influencing the action of M&T Bank, an institution the accounts of which are insured by the Federal Deposit Insurance Company, in connection with an application for an automobile loan, in that the defendant represented and caused to be represented that J.M. was applying for a loan to finance an automobile purchase, when in truth and in fact, as the defendant well knew, the loan proceeds would not be used to pay for an automobile.

18 U.S.C. § 1014
18 U.S.C. § 2

## COUNT SIX
(Bank Fraud – Waddy-Bey Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. Beginning on or about October 8, 2014, and continuing through on or about November 1, 2014, in the District of Maryland, and elsewhere, the defendants,

**STEPHEN WADDY-BEY,
JASON SMITH, and
DARIEN COOK,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud financial institutions, and to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises; to wit, by obtaining funds from Navy Federal Credit Union and USAA Federal Savings Bank issued for the purchase of an automobile, when in fact no automobile was purchased.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT SEVEN
(False Statement in Loan Application – Waddy-Bey Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. On or about October 8, 2014, in the District of Maryland, and elsewhere, the defendants,

**STEPHEN WADDY-BEY, and
JASON SMITH,**

knowingly made and caused to be made a false statement for the purpose of influencing the action of Navy Federal Credit Union, an institution the accounts of which are insured by the National Credit Union Administration Board, in connection with an application for an automobile loan, in that the defendants represented and caused to be represented that **STEPHEN WADDY-BEY** was applying for a loan to finance an automobile purchase, when in truth and in fact, as the defendants well knew, the loan proceeds would not be used to pay for an automobile.

18 U.S.C. § 1014
18 U.S.C. § 2

## COUNT EIGHT
(Structuring)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. Federal banking regulations require banks to report each deposit, withdrawal, exchange of currency or other payment or transfer through that institution which involves a transaction in currency more than $10,000 to the Financial Crimes Enforcement Network of the United States Department of the Treasury, in an effort to combat financial crimes.

3. **SMITH** instructed **WADDY-BEY** to send $12,000 to him "broken down into two cashier's checks with neither check being over $10,000" to evade these reporting requirements and conceal the funds' illicit origins.

4. **WADDY-BEY** complied with those instructions and sent two checks in the amount of $6,000 each to **SMITH**.

5. On or about October 28, 2014, in the District of Maryland and elsewhere, the defendant

**JASON SMITH,**

did knowingly, and for the purpose of evading the reporting requirements of section 5313(a) of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the payment of $12,000 by way of certified checks from **STEPHEN WADDY-BEY** to **JASON SMITH**.

31 U.S.C. § 5324(a)(3)
31 C.F.R. §§ 1010.100(t) and 1010.313
18 U.S.C. § 2

## COUNT NINE
(Bank Fraud – Redd Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. Beginning on or about November 6, 2014, and continuing through on or about November 10, 2014, in the District of Maryland, and elsewhere, the defendants,

**SYLVESTER REDD, and
DONTE POWELL,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud financial institutions, and to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises; to wit, by obtaining a funds from Destinations Credit Union issued for the purchase of an automobile, when in fact no automobile was purchased.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TEN
(False Statement in Loan Application – Redd Loan)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 26 of Count One of the Superseding Indictment are incorporated herein.

2. On or about November 6, 2014, in the District of Maryland, and elsewhere, the defendant,

**SYLVESTER REDD,**

knowingly made and caused to be made a false statement for the purpose of influencing the action of Destinations Credit Union, an institution the accounts of which are insured by the National Credit Union Administration Board, in connection with an application for an automobile loan, in that the defendant represented and caused to be represented that **SYLVESTER REDD** was applying for a loan to finance an automobile purchase, when in truth and in fact, as the defendant well knew, the loan proceeds would not be used to pay for an automobile.

18 U.S.C. § 1014
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982(a)(2); Title 28, United States Code, Section 2461(c); and Title 31, United States Code, Section 5317(c)(1) in the event of the defendants' conviction under Counts One through Ten of the Superseding Indictment.

### Bank Fraud Conspiracy Forfeiture

2. As a result of the offense set forth in Count One, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendants,

**JASON MARQUIS SMITH, DARIEN COOK, DONTE RAYMONT POWELL, SYLVESTER ARNEZ REDD, GREGORY DARNELL TROGDON, and STEPHEN WADDY-BEY,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to: a money judgment for each defendant representing the proceeds he obtained from his participation in the scheme to defraud.

### Bank Fraud Forfeiture

3. As a result of the offenses set forth in Counts Two, Four, Six, and Nine, pursuant to 18 U.S.C. § 982(a)(2), the defendants,

**JASON MARQUIS SMITH, DARIEN COOK, DONTE RAYMONT POWELL, SYLVESTER ARNEZ REDD, GREGORY DARNELL TROGDON, and STEPHEN WADDY-BEY,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived

from proceeds traceable to the scheme to defraud, including, but not limited to: a money judgment for each defendant representing the proceeds he obtained from his participation in the fraud.

### False Statement in Loan Application Forfeiture

4. As a result of the offenses set forth in Counts Three, Five, Seven, and Ten, pursuant to 18 U.S.C. § 982(a)(2), the defendants,

**JASON MARQUIS SMITH, DONTE RAYMONT POWELL,
SYLVESTER ARNEZ REDD, GREGORY DARNELL TROGDON,
and STEPHEN WADDY-BEY,**

shall forfeit to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to the scheme to defraud, including, but not limited to: a money judgment for each defendant representing the proceeds he obtained from his participation in the illegal conduct.

### Structuring Forfeiture

5. As a result of the offense set forth in Count Eight, pursuant to 31 U.S.C. § 5317(c)(1), the defendant,

**JASON MARQUIS SMITH,**

shall forfeit to the United States all property, real or personal, involved in the offense and any property traceable to such property.

### Substitute Assets

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence

    b. has been transferred, sold to, or deposited with a third party

19

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)
31 U.S.C. § 5317(c)(1)

_____
Robert K. Hur
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**
Foreperson

Date: December 4, 2019

20